## Freedman v. Martin, Appellant.

*Negligence—Collision—Automobile and wagon—Case for jury.*

In an action of trespass for damages, arising out of a collision between defendant's automobile and the plaintiff's wagon, the case was for the jury and a verdict for the plaintiff will be sustained, where it appeared that the chauffeur of the defendant attempted to drive the automobile on the down grade of an oiled, wet pavement, between plaintiff's wagon and another wagon, which was going in an opposite direction, and as a result, defendant's automobile struck and damaged plaintiff's wagon. In such case, it was not error to refuse to give binding instructions for the defendant.

Argued October 15, 1919. Appeal, No. 50, Oct. T., 1919, by defendant, from judgment of the Municipal Court of Phila. County, July T., 1917, No. 380, on verdict for plaintiff in the case of Isadore Freedman v. Joseph J. Martin. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Trespass to recover damages for personal injuries and for property damaged. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $200 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of the defendant's motion for judgment non obstante veredicto.

*Horace Michener Schell,* for appellant, cited: Phila. R. R. Co. v. Schertle, 97 Pa. 450; Meixner v. Phila. Brewing Co., 210 Pa. 597; Ault v. Cowan, 20 Pa. Superior Ct. 616; Ellet v. Lit Bros., Inc., 264 Pa. 185; Hoag v. Railroad Co., 85 Pa. 293; Behling v. Pipe Lines, 160 Pa. 359; Nirdlinger v. American District Telegraph Co., 245 Pa. 453.

*C. G. Kirsch,* and with him *Joseph Hill Brinton,* for appellee.

PER CURIAM, February 28, 1920:

The accident in this case was caused by the defendant's chauffeur attempting to pass between the plaintiff, who was driving a horse and peddler's wagon, and another traveler on the highway, who was approaching him on the opposite side of the road, and from the opposite direction. The chauffeur, the owner of the car, and his daughter, testified very frankly to the controlling facts, which were in substance as follows: They were driving a large touring car on a concrete road with vitrified brick surface and oiled. It was described by the defendant as like glass at the time, and very slippery. It had been raining all day and was about clearing up. "We had been running down the hill slowly, and this man Freedman had his peddler's wagon on the right edge, going in the direction we were. The man Reuger was on the left edge, on our left, coming toward us. There was at least 10 feet between the two wagons. Reuger pulled up and went over to opposite Freedman's wagon, where he hit our left-hand wheel with his front left-hand wheel, and the road being so slippery, just shoved us over to Freedman. We knocked the king bolt out of his wagon and let him down, and the horse ran on, etc. We stopped in about 8 feet." The car was going from 5 to 8 miles an hour and was in perfect control; the accident happened in daylight; the roadway was about 18 feet in width; the attempt of the

125, (1920).]          Opinion of the Court.   .

chauffeur to pass between these wagons on a down grade of an oiled, wet pavement, would ordinarily be called a very foolish, hazardous undertaking, and the resulting accident could have been reasonably forecast under the circumstances.

The case was fairly tried and the plaintiff's right to recover depended entirely on the jury's view of the facts, which were submitted in a clear, adequate manner. The defendant's only point, as well as the only assignment of error is, that the court should have given binding instructions for the defendant and subsequently entered a judgment for him non obstante veredicto. There was no error in the action of the court on either proposition.

The judgment is affirmed.